FARM CREST PACKING CORP., Respondent, v. JOSEPH MILNER, Appellant.

First Department, July 9, 1968.

*John F. X. Hassett* of counsel (*Henry N. Rapaport* with him on the brief; *Rapaport Brothers,* attorneys), for appellant.

*Frank J. Neglia* for respondent.

RABIN, J.  During the pendency of a prior suit, in which the defendant sought to regain possession of the premises, this plaintiff consented to the entry of judgment in favor of the defendant.  Plaintiff now sues in fraud, claiming that the defendant did not, in good faith, intend to demolish the building — a condition precedent to enable the defendant to recover possession of the premises.  That would have been a good defense to the suit brought by the defendant to recover possession.  Were it not a good defense then the plaintiff here has no cause of action and the complaint should be dismissed.  However, despite the provision in the agreement to the effect that filing of plans is conclusive evidence of intent, I do not think that the courts would, or should, permit that provision to cover a fraud evidenced by a lack of intent to demolish.  Moreover, I think that a good defense to the eviction action would have been that the plans were filed, not for the purpose of seeking approval to demolish, but for the specific purpose of terminating the plaintiff's tenancy.

However, the judgment standing as it does precludes a suit on the grounds now asserted.  (*David* v. *Fayman,* 273 App. Div. 408, affd. 298 N. Y. 669.)  To permit the plaintiff to recover in fraud, as it here attempts to do, would undermine the judgment heretofore entered.  That, the plaintiff may not do.  If, however, the consent to the entry of judgment was given as the result of any fraud on the part of the defendant, then the plaintiff, if so advised, may take such steps as may be appropriate to vacate the judgment so entered.

While there are cases where tenants have been permitted to sue landlords, subsequent to the entry of judgment (giving the landlord possession) on the ground that the landlord did not in good faith intend to occupy the building, such cases are not in point in this situation.  Those cases rest solely on the rent statutes, which expressly give the tenant the right to bring action after eviction.  (See *Kauffman & Sons Saddlery Co.* v. *Miller,* 298 N. Y. 38.)  This suit is not brought on statute but is based on common law and is quite different.

Accordingly, the order denying defendant's motion to dismiss the complaint should be reversed, with costs, but without

prejudice to such action as the plaintiff may be advised to take with respect to the judgment presently outstanding.

STEUER, J. (concurring). I concur in the result reached and the reasons advanced. However, I do not believe that the existence of the prior judgment is the only ground for dismissing the complaint, and I take issue with the statement that the plain sense of the clause providing for termination of the lease can be avoided.

Plaintiff's claim is that its consent to the termination of its lease was fraudulently obtained, and for that fraud it seeks damages from its lessor. The fraud claimed is that defendant landlord represented that it desired to terminate the lease under a provision giving it the right to do so in the event that it shall decide to demolish the building or to rebuild the existing structure. Plaintiff contends that at no time, either when the notice was given or thereafter, did the defendant have any such intent, and its notice that it did was a fraudulent representation.

The lease contains the following provision: " 38. The Landlord reserves the right to terminate this lease, and the term thereof, at any time in the event the Landlord or any owner of the property shall decide to demolish the entire building or rebuild or construct a new building. The filing of a notice with the proper City Authority of an intention to demolish or the first filing of plans for rebuilding the premises or the construction of a new building shall be conclusive evidence of the Landlord's or other Owner's intention to demolish the building or rebuild or construct a new building. The Landlord or other Owner of the premises shall give four month's notice in writing to the tenant by Registered Mail, addressed to the tenant at the demised premises of the Landlord's intention so to terminate this lease; and this lease and the term thereof, shall cease, terminate and end, at the expiration of four months from the day when such notice shall have been mailed by Registered Mail. The date on the receipt issued by the Post Office Department for such Registered Notice shall be conclusive evidence of the date of such mailing. Thereafter, the Landlord may take possession of the demised premises and every part thereof, either by force or otherwise, by summary or other legal proceedings, without being liable to prosecution or damages therefor, and have and enjoy the said premises as the Landlord's former estate free, clear and discharged of this lease, and of all rights of the tenant hereunder."

It is conceded that the landlord did file with the proper city authorities a notice of intention to demolish the building. This

act the lease provides shall be conclusive evidence of the landlord's intent to demolish or rebuild. Where a writing provides that one act shall be "conclusive evidence" of the existence of some other fact, then proof of the act precludes all further inquiry as to the underlying fact (*Wood* v. *Chapin,* 13 N. Y. 509). By definition "conclusive evidence" is that which puts an end to debate and is final (Webster, Third New International Dictionary, 1963).

Plaintiff's contention that in so providing defendant contracted against its own fraud has no weight. The parties could make whatever stipulation they desired for the termination of the lease. They could if they chose make it wholly at the pleasure of either party. Here it was conditioned on the existence of an intent, but as an intent is a difficult matter to establish, that intent was made incontrovertible upon the performance of a definite act. The act was performed and the intent was thereby established beyond refutation.

Stevens, J. P., Tilzer and McGivern, JJ., concur with Rabin, J.; Steuer, J., concurs in result in opinion.

Order entered on November 27, 1967, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and defendant's motion to dismiss the complaint granted, with $10 costs. This determination is without prejudice to such action as the plaintiff may be advised to take with respect to the judgment presently outstanding.