PRUDENTIAL LINES, INC., Respondent-Appellant, v FIRE-
MEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY
et al., Appellants-Respondents, et al., Defendants, and
AMERICAN TUGS, INC., et al., Respondents.

First Department, December 30, 1982

**APPEARANCES OF COUNSEL**

*Kenneth W. Malamy* of counsel (*Robert Wang* and *Jerome Murray* with him on the brief; *Hendler & Murray, P. C.,* attorneys), for appellants-respondents.

*Mark G. O'Connor* of counsel (*Kronish, Lieb, Shainswit, Weiner & Hellman,* attorneys), for respondents.

*Frederic W. Parnon* of counsel (*Barrett Smith Schapiro Simon & Armstrong,* attorneys), for respondent-appellant.

**OPINION OF THE COURT**

ALEXANDER, J.

Plaintiff sues Firemen's, its carriers on an insurance bond providing "Employee Dishonesty Coverage", and sues defendant ATI, and the Dufrenes for fraudulently inducing

overpayments on tug rentals and overcharging on the purchase of a launch boat. It is claimed that these payments and the overcharge involved kickbacks to employees of plaintiff who were in conspiracy with the Dufrenes.

Previously, ATI, as agent, and Molly Lee Towing Company, Inc., as owners, brought action against plaintiff Prudential in the United States District Court for the Eastern District of Virginia to recover $150,294.96 for unpaid charter and towing fees which plaintiff Prudential had failed and refused to pay upon discovery of the kickback scheme and conspiracy. Prudential duly notified Firemen's of that lawsuit, but Firemen's refused to assume the defense. Prudential denied its liability to ATI, contending that the contract sued upon had been breached by ATI, and was, in any event, void as a matter of law. Two counterclaims were asserted, one of which sought restitution of $537,841.28 and punitive damages of over $1,000,000 based upon the same kickback scheme conspiracy, fraud and misrepresentations as are alleged in the twelfth cause of action herein. Prudential also sought to recover some $40,000 for conversion of its property. That action was settled by Prudential paying ATI, $65,000, and the entry of a consent judgment which recited "that all issues have been resolved by agreement of the parties".

■■ Special Term was correct in dismissing the twelfth cause of action but erred in dismissing the eleventh cause of action for lack of jurisdiction.

■ As to the twelfth cause of action, the relief sought is based upon the same fraudulent kickback scheme that was asserted by Prudential in the Virginia action. That action having been resolved by the entry of a consent judgment in favor of ATI, Prudential is precluded from relitigating the "issues [that were] resolved by agreement of the parties". A consent judgment is a conclusive adjudication and has the same force and effect as a judgment after trial. (*Canfield v Harris,* 252 NY 502; *Farm Crest Packing Corp. v Milner,* 30 AD2d 316.) Moreover, a formal judgment on the merits (consent or otherwise) of a court of competent jurisdiction is binding on the parties not only as to those matters actually litigated in the first suit, but also as to those which might have been litigated but were not, being based

on the principle that the public interest demands that a party not be heard a second time on a cause of action that he once had an opportunity to litigate.* (*Stoner v Culligan, Inc.*, 32 AD2d 170.)

■ Personal jurisdiction over ATI, Autrey J. Dufrene and Andrea Maitreme Dufrene was obtained by service pursuant to CPLR 302 (subd [a], par 3). While Special Term appropriately recognized and attempted to apply the criteria necessary to establish in personam jurisdiction under the "long-arm" statute as enunciated by the Court of Appeals in *Fantis Foods v Standard Importing Co.* (49 NY2d 317), overlooked was the fact that at the heart of Prudential's eleventh cause of action was the conspiratorial conduct of ATI, the Dufrene's, and Prudential's employees and officers who were employed at Prudential's office in New York. Thus the acts of the coconspirators who in law were agents of ATI and the Dufrenes, were the acts of ATI and the Dufrenes, sufficient, within the meaning of CPLR 302 (subd [a], par 2) to confer in personam jurisdiction on the Dufrenes and their corporation. (*American Broadcasting Cos. v Hernreich*, 40 AD2d 800.)

The third cause of action seeks recovery against Firemen's under the bond for the losses sustained by Prudential as a result of the "fraudulent and dishonest" acts of its employee Cappell, including legal fees and expenses incurred in defense of the lawsuit brought by ATI in the District Court in Virginia, which Firemen's refused to defend.

Special Term denied Firemen's motion to dismiss this cause of action without prejudice to renew, pursuant to CPLR 3001 for declaratory judgment to determine the extent of coverage, Firemen's obligation to defend and indemnify Prudential and whether Prudential's actions prejudiced Firemen's subrogation rights. The court observed that neither party specified which provisions of the policy and bond either obligates Firemen's to defend or relieves them of this obligation. It concluded therefore, that material triable issues of fact existed in respect to

---

* The doctrine of *res judicata* applies to parties and their privies (9 Carmody-Wait 2d, NY Prac, § 63:196) and while Autrey J. Dufrene was not formally named as a party in the Virginia suit, he undeniably is the president of American Tugs, Inc., and is in privity with his corporation.

those areas regarding which it thought a declaratory judgment appropriate.

■ An insurance company has a duty to defend its insured which is greater than its duty to indemnify and that duty extends to any action where facts are alleged which if proven would come within the risk covered by the policy. (*Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364.) Here the policy and bond insured Prudential against losses occasioned by dishonest employees. The suit by ATI sought recovery of unpaid charter and towing expenses, a risk not covered by the policy and bond. Thus Firemen's would not, under any circumstances, have been called upon to pay under its policy should Prudential be held liable for those unpaid fees. The fact that Prudential's defense to that suit and its counterclaim asserted therein were based upon the dishonest acts of its employees is irrelevant to the issue of Firemen's obligation to defend since it is clear that Firemen's could not be made to pay whether or not Prudential prevailed in that lawsuit. Where there is no factual or legal basis upon which the insurer might eventually be obligated to pay under any policy provision, there is no duty to defend, as a matter of law. (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875.) We conclude therefore that to the extent that the third cause of action seeks to recover damages occasioned by Firemen's refusal to defend, it must be dismissed.

■ The third cause of action also seeks payment on the bond for damages occasioned by the fraudulent acts of the disloyal employees. Firemen's argues that the Virginia settlement by Prudential effectively destroyed its subrogation rights against ATI, and therefore Prudential is not entitled to any recovery against it under the bond. However, where an insurer has denied its liability under a policy, the insured may enter into a settlement with a third party (here in respect to Prudential's counterclaim based on fraud by ATI) without prejudicing its rights against the insurer. (*Bunge Corp. v London & Overseas Ins. Co.,* 394 F2d 496.) Moreover, an insurer who has not paid its insured's claim, has no right of claim against third parties. (*Glens Falls Ins. Co. v Wood,* 8 NY2d 409.) While it may be that such subrogation rights as would have existed in favor of Firemen's against ATI may have been lost, such may not be the case in respect to the disloyal employees involved in

the alleged fraud and conspiracy. In any event it is clear that Prudential's right of action against Firemen's on the bond to recover its damages occasioned by the dishonesty of its employees has not been lost. (*Bunge Corp. v London & Overseas Ins. Co., supra.*) Thus, those portions of the third cause of action which seek recovery of damages occasioned by the fraudulent and dishonest acts of Prudential's employees should stand.

The order of the Supreme Court, New York County (Ryp, J.), entered on September 21, 1981, which (1) denied the motion of the defendant insurance companies, Firemen's Insurance Company of Newark, New Jersey, and the Continental Insurance Company (together, Firemen's) for summary judgment dismissing plaintiff's third cause of action; (2) granted the motion of defendants American Tugs, Inc., Autrey J. Dufrene and Andrea Maitreme Dufrene for summary judgment dismissing plaintiff's eleventh cause of action and (3) granted summary judgment to Autrey J. Dufrene dismissing the twelfth cause of action, should be modified on the law, to the extent that (1) that portion of the order dismissing the eleventh cause of action is reversed and the eleventh cause of action reinstated; (2) that portion of the order which denied defendants' motion to dismiss plaintiff's third cause of action is modified, to dismiss so much of the third cause of action as seeks recovery of legal fees and expenses, and the order, as thus modified, should otherwise be affirmed, without costs and without disbursements.

MARKEWICH, J. P., SILVERMAN, BLOOM and FEIN, JJ., concur.

Order, Supreme Court, New York County, entered on September 21, 1981, unanimously modified, on the law, to the extent that (1) that portion of the order dismissing the eleventh cause of action is reversed and the eleventh cause of action reinstated; (2) that portion of the order which denied defendants' motion to dismiss plaintiff's third cause of action is modified, to dismiss so much of the third cause of action as seeks recovery of legal fees and expenses, and the order, as thus modified, is otherwise affirmed, without costs and without disbursements.