■ MIKE KOURSIARIS, Doing Business as BEST WOODWORKING Co., Appellant, v ASTORIA NORTH DEVELOPMENT INC., Respondent.—In an action to permanently enjoin the defendant from maintaining barriers across the rear parking lot and driveway behind the plaintiff tenant's commercial establishment, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LaFauci, J.), dated November 19, 1987, as, after a hearing, denied its motion for a preliminary injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is a custom woodworking establishment which rents three stores located at 21-03 to 21-09 21st Avenue, Astoria, New York, pursuant to a lease for 10 years commencing January 1, 1983. For the first seven years of the plaintiff's tenancy at this location, which began in February, 1980, the landlord permitted the plaintiff to utilize a driveway and rear parking lot area to make deliveries, accept shipments of raw materials, park trucks and store a garbage dumpster. This area was also used by the plaintiff's employees to park their automobiles. After the defendant bought the property, he sent all tenants, including the plaintiff, a letter dated February 20, 1987, advising all tenants that, effective March 1, 1987, no one was to use the parking facilities located immediately behind the demised premises.

The plaintiff obtained a temporary restraining order from the Supreme Court, Queens County (Corrado, J.), on April 24, 1987, which enjoined the defendant from denying the plaintiff access to the parking facilities. A hearing was then held on July 28, 1987. At the hearing, the plaintiff asserted that the 44-foot-by-109-foot rear area was essential to his business. However, his claim that his front doors were not large enough to bring in supplies or ship finished goods was belied by his admission that his 3 front doors are the same size or larger than his 3 rear doors. He further admitted that he occasionally used the front doors to load his trucks and that he could park his trucks on the street, and acknowledged that use of the rear area was a matter of convenience. Although he insisted that sections of the Administrative Code of the City of New York relative to waste disposal mandated that he keep his dumpster in the rear area for his private sanitation collections, he conceded that he had never attempted to have his refuse picked up by any other means and acknowledged that he could arrange for pickups after midnight.

A review of the lease indicates that there is no clause which purports to include the rear parking area as part of the leasehold. The use of this area did not give rise to an easement by prescription, since the use did not continue for more than the statutory 10-year period (CPLR 212 [a]; RPAPL 311) and, in any event, was permissive. Moreover, use of this area was not necessary for the enjoyment of the premises since by the plaintiff's own admission, deliveries and shipments could be made through the front doors and use of the rear was merely a matter of convenience. The sections of the Administrative Code relied on by the plaintiff for its position that the dumpster must be situated in the rear parking lot carry no

such requirement and mandate only that a commercial lessee provide for the removal of waste by a private licensed carrier. Administrative Code § 16-120 (c) states that refuse "shall be stored in the building or dwelling or at the rear of the building or dwelling as may be required by the department of health". Although it seems to be more convenient for the plaintiff to keep the dumpster in the rear parking area, the defendant cannot be required to furnish this space when it is not provided for in the lease. Since the plaintiff has an arrangement with a private commercial service, there appears no reason why it cannot maintain the dumpster within its establishment and then leave it on the street for pickup at a convenient time.

On a motion for a preliminary injunction the movant must prove (1) the likelihood of ultimate success on the merits, (2) irreparable injury absent the grant of the injunction, and (3) a balance of the equities in his favor *(see,* CPLR 6301; *Albini v Solork Assocs.,* 37 AD2d 835). In the instant case the plaintiff has failed to show irreparable harm since it can still make deliveries, accept shipments and dispose of its refuse through other, albeit less convenient, methods. Further, the plaintiff has failed to demonstrate a likelihood of success on the merits since the permissive use of the rear area would appear, at best, to constitute a license which could have been revoked by the landlord. As such, the plaintiff's motion for a preliminary injunction was properly denied.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.