■ EUGENE H. DUFFY et al., Respondents-Appellants, v JAMES W. WETZLER et al., Appellants-Respondents. [616 NYS2d 48] —In an action, inter alia, for declaratory and injunctive relief challenging the constitutionality of Tax Law § 612 (c) (former [3]) and Administrative Code of the City of New York § 11-1712 (c) (former [3]), the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated June 14, 1990, as declared the challenged laws invalid and unconstitutional, and enjoined them from assessing or collecting personal income taxes which may still be due and owing, and from interfering with or refusing to grant the plaintiffs a refund of taxes paid on Federal pension benefits for the years 1986 through 1988, and the plaintiffs (1) cross-appeal from so much of the same order and judgment as, upon renewal, denied their motion for class certification, and dismissed the first cause of action asserted under 42 USC § 1983, and the fourth cause of action asserted against the defendant City of New York for money had and received (Duffy v Wetzler, 148 Misc 2d 459), and (2) appeal

from four orders of the same court, all entered October 5, 1990, which denied their motions (i) for leave to renew or reargue their application for class certification and for resettlement of the judgment, (ii) to supplement their pleadings, (iii) to permit the intervention of various taxpayers, and (iv) for an award of attorneys' fees to the plaintiffs' counsel under the common fund doctrine. By opinion and order of this Court dated January 15, 1992 (*Duffy v Wetzler,* 174 AD2d 253), the order and judgment appealed from was modified in certain respects by deleting, *inter alia,* those provisions which declared that the plaintiffs were entitled to refunds, and which granted injunctive relief accordingly, and the orders were affirmed. On a writ of certiorari to this Court, the Supreme Court of the United States vacated the opinion and order of this Court dated January 15, 1992, and remitted the matter here "for further consideration in light of *Harper v Virginia Department of Taxation,* 509 U.S. —, 113 S. Ct. 2510, — L. Ed. 2d — (1993)" (*Duffy v Wetzler,* — US —, —, 113 S Ct 3027, 3028). Justice Altman has been substituted for former Justice Kunzeman (*see,* 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order and judgment of the Supreme Court, Queens County, dated June 14, 1990, is dismissed, without costs or disbursements, as academic; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

In *Duffy v Wetzler* (174 AD2d 253, *supra*) (hereinafter *Duffy I*), this Court addressed the issue of whether the decision of the United States Supreme Court in *Davis v Michigan Dept. of Treasury* (489 US 803) should be applied retroactively. In *Davis,* the Supreme Court of the United States invalidated, as violative of principles of intergovernmental tax immunity, Michigan's income taxation scheme which exempted from taxation pensions paid to former State employees but taxed the pensions paid to all other retirees, including those of the Federal government. The tax laws existing in this State and the City of New York at the time of the *Davis* decision were similarly discriminatory (*see,* Tax Law § 612 [c] [former (3)]; Administrative Code § 11-1712), and were subsequently amended to exempt pensions paid to Federal retirees from

taxation by the State and City (L 1989, ch 664, §§ 1, 2, 3). The plaintiffs, Federal retirees, sought to secure refunds of the illegally imposed taxes for the period provided by statute *(see,* Tax Law § 687 [a]), asserting that the *Davis* decision should be applied retroactively.

This Court, in *Duffy I (supra,* at 259-265), reasoned that the Supreme Court's plurality decision in *Beam Distilling Co. v Georgia* (501 US 529), which proscribed the use of selective prospectivity, did not preclude the application of *Davis* on a purely prospective basis. This Court concluded that the appropriate analysis of the prospectivity issue was governed by *Chevron Oil v Huson* (404 US 97), and that application of the three-pronged *Chevron Oil* test required that *Davis* be given only prospective effect.

The United States Supreme Court subsequently granted the plaintiffs' petition for certiorari, vacated the opinion and order of this Court in *Duffy I,* and remitted the matter here for further consideration in light of *Harper v Virginia Dept. of Taxation* (509 US —, 113 S Ct 2510). In *Harper,* the Supreme Court ruled that its 1989 determination invalidating State laws taxing Federal pensions but not those of former State employees must be applied retroactively as a matter of Federal law. However, on the issue of remedy, the Court further held that Federal due process did not necessarily mandate refunds of the illegal taxes so imposed if State law provided an adequate form of "predeprivation process", as, for example, by allowing taxpayers to bring suit to enjoin imposition of a tax prior to its payment *(Harper v Virginia Dept. of Taxation, supra,* at — - —, at 2519-2520).

The State of New York decided to "pay full refunds plus interest to the approximately 10,000 federal retirees who paid State income taxes on their federal pensions prior to 1989 pursuant to tax provisions that were later held to be unconstitutional under *Davis* [and] * * * *Harper* * * * and who have filed timely administrative claims for refunds for those taxes with the Department of Taxation and Finance", and notified this Court of that decision in a letter dated June 29, 1994. The City of New York has acquiesced in this decision.

Accordingly, the issues affected by the remittitur by the United States Supreme Court for further consideration in light of *Harper,* i.e., those relating to the remedy and the potential refunds, are academic. Moreover, the plaintiffs' contentions regarding the remaining issues, including class action certification and common fund attorneys' fees, were previously

rejected by this Court in *Duffy I,* and need not be reexamined. Thompson, J. P., Miller, O'Brien and Altman, JJ., concur.