■ EUGENE H. DUFFY et al., Respondents-Appellants, v JAMES W. WETZLER et al., Appellants-Respondents. [616 NYS2d 213] —On the Court's own motion, it is,

Ordered that the unpublished decision and order on motion of this Court, dated July 19, 1994, is recalled and vacated and the following decision and order on motion is substituted therefor:

Motion by Anderson Kill Olick & Oshinsky, P. C., the co-counsel of the plaintiffs, to enjoin the defendants from making any distribution to members of the putative class that is conditional in any way or seeks a release or any other compromise in return for such payments, from distributing to the plaintiffs and members of the putative class amounts greater than 80% of their respective claim for refunds for taxes illegally assessed on Federal pensions, including interest thereon, from otherwise interfering with the lien held by Anderson Kill Olick & Oshinsky, P. C., Phelan & Costello, P. C., and O'Neil Cannon & Hollman, S. C., on the proceeds of the refunds and interest, and from otherwise breaching the fiduciary duties they hold as trustees of a constructive trust of the common fund in this action.

Upon the papers submitted in support of the motion and the papers submitted in opposition thereto, it is

Ordered that so much of the motion as refers to the distribution to the plaintiff clients is referred to the Supreme Court, Queens County (LeVine, J.), for hearing and determination, and the motion is otherwise denied; and it is further,

Ordered that the Supreme Court, Queens County, shall set the matter down for an immediate hearing, limited solely to the issue of whether the attorneys have a right to a charging lien pursuant to Judiciary Law § 475, against the refunds to be paid to the plaintiff clients and if so, the amount of the lien; and it is further,

Ordered that pending hearing and determination of the motion, the defendants are enjoined from making any distribution to the plaintiff clients in an amount greater than 80% of their respective claim for refunds for taxes illegally assessed on Federal pensions, including interest thereon, provided that the attorneys submit a list of their clients' names to the Attorney-General within 5 days after service upon them of a copy of this decision and order on motion, with notice of

entry. Mangano, P. J., Thompson, Miller, O'Brien and Altman, JJ., concur.