OPINION OF THE COURT
Howard Miller, J.
On a motion by plaintiffs for a preliminary injunction and cross motion by defendant to dismiss, the motion is granted upon the condition that plaintiffs post an undertaking in the amount of $12,000 pursuant to CPLR 6312. Plaintiffs may settle an order, accompanied by proof of posting of the undertaking, enjoining and restraining defendant during the pendency of this action or until further order of this court from enforcing the terms of a stipulation of civil compromise en *197 tered in the Justice Court of the Town of Clarkstown on February 4, 1993 between plaintiffs and defendant.
This matter is set down for a preliminary conference on November 29, 1994 at 9:00 a.m.
In 1990 the Town of Clarkstown passed Local Law No. 9 relating to solid waste transportation and disposal. Citations were issued to plaintiffs alleging violations thereof, followed by criminal summonses and/or warrants returnable in the Justice Court of the Town of Clarkstown. On February 4, 1993 plaintiffs and defendant entered into a "Stipulation of Civil Compromise” whereby plaintiffs agreed to settle their liability for civil penalties by payment of $30,000 to defendant, such payments to be made in 12 equal monthly installments. As of July 7, 1994, $10,172.07 remains unpaid.
Plaintiffs commenced this action seeking injunctive relief restraining defendant from enforcing the terms of the stipulation on the ground that Local Law No. 9 was declared unconstitutional and invalid by the Supreme Court of the United States on May 16, 1994 in C & A Carbone, Inc. v Town of Clarkstown (511 US —, 114 S Ct 1677).
Defendant seeks to dismiss this action, relying upon New York cases which essentially hold that stipulations of settlement are unaffected by subsequently enacted law or changes in existing law. Plaintiff relies upon Harper v Virginia Dept. of Taxation (509 US —, —, 113 S Ct 2510, 2519), wherein the Supreme Court held that: "The Supremacy Clause, U.S. Const., Art. VI, cl.2, does not allow federal retroactivity doctrine to be supplanted by the invocation of a contrary approach to retroactivity under state law. Whatever freedom state courts may enjoy to limit the retroactive operation of their own interpretations of state law, see Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364-366 (1932), cannot extend to their interpretations of federal law.” Harper was before the Supreme Court on a certiorari petition seeking review of a Virginia Supreme Court ruling that the United States Supreme Court’s 1989 ruling in Davis v Michigan Dept. of Treasury (489 US 803) did not apply retroactively. In Davis, the Supreme Court struck down a State law taxing Federal Government retirement benefits while exempting State retirement benefits.
Although defendant argues that Harper is only applicable to "all cases still open on direct review”, the Harper Court goes on to hold that retroactivity applies as well to "all events, *198 regardless of whether such events predate or postdate” the Court’s announcement of the new rule of law. (509 US, at —, 113 S Ct, at 2517, supra.)
The decision in Davis (489 US 803, supra), unlike the cases cited by defendant in opposition to this motion, is concerned with the constitutionality of a State statute, and not with a criminal guilty plea (People v La Ruffa, 34 NY2d 242, vacated and remanded 419 US 959, on remand 37 NY2d 58, cert denied 423 US 917); a subsequently enacted Statute of Limitations (State of New York v Solil Mgt. Corp., 128 Misc 2d 767, affd 114 AD2d 1057, Iv denied 67 NY2d 606); a withdrawal of consent or objections to probate (Matter of Frutiger, 29 NY2d 143; Ross v Preston, 292 NY 433); or landlord-tenant matters (Farm Crest Packing Corp. v Milner, 30 AD2d 316).
The decision in C & A Carbone, Inc. v Town of Clarkstown (511 US —, 114 S Ct 1677, supra), as in Davis (supra), held the State statute invalid and unconstitutional. Harper (supra) then determined the retroactivity of the holding and the relief available to persons affected by the declaration of invalidity.
Contrary to defendant’s belief that Harper (supra) is not relevant, it is directly on point (see, Duffy v Wezler, 207 AD2d 375).
A preliminary injunction will not lie unless the movant demonstrates (1) a likelihood of ultimate success on the merits; (2) irreparable injury; and (3) a balancing of the equities in the movant’s favor (Zonghetti v Jeromack, 150 AD2d 561; Koursiaris v Astoria N. Dev., 143 AD2d 639). It is a remedy which must be used sparingly (McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165) and only when there is a clear showing of a right to such relief (Zurich Depository Corp. v Gilenson, 121 AD2d 443; County of Orange v Lockey, 111 AD2d 896).
Plaintiffs have met their burden and are entitled to the relief sought.
It should be noted that defendant’s argument that the Justice Court has the sole power to grant plaintiff relief is without merit since UJCA 209 prohibits a Justice Court from issuing a provisional remedy other than as therein stated, and the sole relief requested by the complaint in this action is the issuance of a permanent injunction.