*233 OPINION OF THE COURT
Alan LeVine, J.
In this action for declaratory, injunctive and monetary relief challenging the constitutionality of Tax Law § 612 (c) (former [3]) and Administrative Code of the City of New York § 11-1712 (c) (former [3]), defendants James W. Wetzler and Roderick G. W. Chu, the present and former New York State Commissioners of Taxation and Finance, and Edward V. Regan, the former Comptroller of the State of New York (hereinafter the State defendants), seek an order dismissing the action on the grounds of collateral estoppel, res judicata and payment pursuant to CPLR 3211 (a) (5). Codefendants Anthony Shorris, Stanley E. Grayson, Abraham Biderman and Paul Crotty, the present and former Commissioners of Finance of the City of New York, and the City of New York (hereinafter the City defendants) separately move to dismiss the complaint on the identical grounds. Plaintiffs cross-move in opposition and seek leave to amend the complaint in the Alderman action in order to add two new causes of action, and leave to reargue or renew the Alderman plaintiffs’ earlier motion for class action status and, upon reargument or renewal, granting certification of this action as a class action.
The procedural and litigation history of this action is set forth in Duffy v Wetzler (148 Misc 2d 459, mod 174 AD2d 253, appeal dismissed 79 NY2d 976, lv dismissed 80 NY2d 890, cert granted 509 US 917, on remand 207 AD2d 375, lv denied 84 NY2d 838, cert denied 513 US 1103; see also, 207 AD2d 378, cert denied 513 US 1103), and will not be restated herein.
In a decision dated August 11, 1995 and an order entered on September 29, 1995, this court determined that the moving law firms representing the Duffy and Alderman plaintiffs pursuant to individual written retainer agreements were entitled to the payment of legal fees equal to 20% of each client’s tax refund, together with interest. On October 27, 1994, the State defendants had tendered to the Alderman and Duffy plaintiffs checks for 80% of the total tax refund each individual was eligible to receive including interest. The remaining 20% remained in a fund until the determination of the claim for an attorney’s charging lien. The State Department of Taxation and Finance on October 13, 1995 accounted to and paid Phelan and Costello, P. C., as representatives of plaintiffs’ attorneys, these legal fees. At least one plaintiff, Eugene Duffy, refused to accept the refund check, as he claimed he was entitled to a *234 refund for tax year 1985. Mr. Duffy died on July 31, 1997, at the age of 85, and by operation of law, his surviving spouse, plaintiff Alice Duffy, succeeds to his interest in the refund claim (Tax Law § 686 [d]). There are at present three categories of plaintiffs who did not receive, refunds: (1) plaintiffs who refused the checks; (2) plaintiffs who claimed they filed timely administrative claims for which defendants have no records; and (3) plaintiffs who failed to file administrative claims.
The court now finds that after eight years of litigation and appeals, this action has come to an end. Defendants’ motions for an order dismissing the action, therefore, are granted, and plaintiffs’ cross motion is denied in its entirety.
Contrary to plaintiffs’ assertions, the consolidation of the Duffy and Alderman actions resulted in a fusion or merger of the two actions into a single action. (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 602.02; Kelley v Galina-Bouquet, Inc., 155 AD2d 96; Keim v Orel, 263 App Div 779.) Inasmuch as the Alderman action was consolidated with the Duffy action for all purposes pursuant to a so-ordered stipulation dated June 28, 1995, there are no remaining independent Alderman claims. Moreover, there are no remaining claims to be litigated in this action. Plaintiffs’ cross motion to add new causes of action to the Alderman action, therefore, is denied, as no such action exists. Furthermore, plaintiffs’ assertion that the Alderman plaintiffs’ claims were never determined on the merits and, therefore, survived the consolidation of the two actions, is without merit. The plaintiffs in Alderman were represented by the same counsel as the Duffy plaintiffs, and concede that they agreed to hold their action in abeyance, pending the outcome of the Duffy appeals. The Alderman plaintiffs thereafter sought to take advantage of the State’s refund decision announced in Duffy v Wetzler (207 AD2d 375, supra) and initiated the stipulation to consolidate the two actions. The Alderman plaintiffs, thus, sought a complete consolidation of the actions and not a joint trial. The Alderman plaintiffs, along with the Duffy plaintiffs, were thereafter paid refunds and their counsel received payment for legal fees pursuant to this court’s order of September 29, 1995. The Alderman plaintiffs, having charted their course, and having reaped the benefits of consolidation with the Duffy action, cannot now seek to undo the effects of the consolidation.
The issues of remedy and refund which were raised in the remittitur to the Appellate Division were declared to be academic in light of the State’s decision to pay full refunds with *235 interest to eligible Federal retirees (Duffy v Wetzler, 207 AD2d 375, supra). Neither the decisions of the United States Supreme Court in Davis v Michigan Dept. of Treasury (489 US 803) and Harper v Virginia Dept. of Taxation (509 US 86) nor the decisions and orders of the Appellate Division and this court require the defendant to pay full refunds to the plaintiffs regardless of their compliance with State tax refund claims law and procedure. Rather, it has always been the position of this court that plaintiffs, like all other State taxpayers, are required to follow State law and procedure in order to receive a refund.
The plaintiffs and nonparty Federal retirees have sought to obtain full refunds with interest, regardless of their filing timely claims, through negotiations with the defendants, and by means of special legislation. Plaintiffs have not succeeded on either front, and now seek to obtain such relief from this court. The court, however, finds that no basis exists for the request to amend the Alderman complaint, or for the motion to reargue or renew the request for class certification in Aider-man. Inasmuch as the Alderman complaint merged with the Duffy complaint, there is simply no Alderman complaint that could be amended.
In addition, plaintiffs’ proposed amendments are clearly without merit. Plaintiffs, at the inception of this action, could have asserted a claim under section 697 (d) of the Tax Law, but failed to do so. This claim, however, is without merit, as refunds under section 697 (d) are clearly discretionary, and are not available where, as here, taxes were paid under a mistake of law and not a mistake of fact (Matter of Fiduciary Trust Co. v State Tax Commn., 120 AD2d 848). Furthermore, contrary to plaintiffs’ assertion, there is no evidence that the defendants at any time conceded or agreed that plaintiffs would be entitled to full refunds under section 697 (d).
Plaintiffs’ proposed cause of action for constitutional tort based on a denial of due process and equal protection under the State Constitution is also without merit. Plaintiffs’ claims are based on the State’s refusal to issue full refunds to Federal pensioners who were unable to establish that they timely filed for a refund for each and every year that a refund was sought as required by section 697 of the Tax Law. The State’s insistence that plaintiffs, like all other taxpayers, comply with the Statute of Limitations and document their claims does not raise any constitutional issues. Moreover, each plaintiff and nonparty taxpayer has a right to file administrative claims, *236 have a conciliation conference, an administrative hearing, can appeal an unfavorable decision to the Tax Appeals Tribunal, and may commence a CPLR article 78 proceeding for judicial review to review the decisions of the Tax Appeals Tribunal (Tax Law §§ 690, 2016). Plaintiffs’ claims of lack of due process, thus, are without merit.
Finally, the plaintiffs’ request for reargument or renewal of the 1991 decision by the Supreme Court, New York County, which denied the Alderman plaintiffs’ request for class certification is denied. It is clear that the time in which to seek reargument has long since expired. Moreover, plaintiffs have not offered any new evidence in support of the request for renewal, other than that the State defendants have not paid full refunds to all plaintiffs. The court in Alderman denied class certification on the same grounds this court denied the renewal motion for class certification in Duffy. Inasmuch as this court’s denial of class certification was affirmed by the Appellate Division (174 AD2d 253, supra; 207 AD2d 375, supra), there is no need to revisit this issue in the guise of a renewal motion. Finally, contrary to plaintiffs’ assertions the doctrine of stare decisis has provided relief to nonparty Federal retirees, as the State has paid refunds to all such individuals who timely filed requests for refunds. To the extent that some individual retirees contest the amount of refunds they have received, their remedy lies in the administrative process. Inasmuch as leave to renew the motion for class certification is denied, the court declines to consider plaintiffs’ arguments concerning "informal” claims and "general group” claims.
The court finds that the defendants have complied with the prior orders of this court in that they paid full refunds with interest to all Federal retirees who paid taxes on their pensions prior to 1989 and who filed timely refund claims for each and every year for which a refund was sought. The defendants have also paid all legal fees as required by this court’s prior order. The court notes that while the State Legislature set aside the sum of $64 million in anticipation of paying refunds and interest, the defendants were not bound by any agreement or court order to pay over this amount in its entirety to the plaintiffs and nonparty Federal retirees.
In view of the foregoing, the State and City defendants’ motions to dismiss the complaint on the grounds of payment is granted, and the plaintiffs’ cross motion is denied in its en *237 tirety. All refunds which have been calculated and issued, but not accepted by the individual plaintiffs, shall be paid into the court by the defendants.