■ TUPI CAMBIOS S.A. et al., Appellants, v ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [851 NYS2d 180]—

Order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered April 18, 2007, which, inter alia, adhered to a prior order, same court (Rosalyn Richter, J.), entered April 7, 2005, granting respondent's motion to dismiss the petition, and denied leave to file and serve an amended petition, unanimously modified, on the facts, to grant petitioners leave to file and serve an amended petition asserting a claim under CPLR 1311 (7), and otherwise affirmed, without costs, and the matter remanded for further proceedings. Appeal from the 2005 order unanimously dismissed, without costs, as superseded by the appeal from the 2007 order.

In February 2003, respondent, acting as "a claiming authority," commenced an action against Beacon Hill Service Corpora-

tion (Beacon Hill) and Anibal Contreras, the principal of Beacon Hill, under CPLR article 13-A, seeking the forfeiture of funds in their possession or control on the ground that the funds were instrumentalities of criminal activity, to wit, Beacon Hill's and Contreras' violation of certain provisions of the Banking Law proscribing money transmission in New York without the appropriate license (*see* Banking Law §§ 641, 650). At the same time it commenced the action, respondent obtained an order restraining Beacon Hill and Contreras from transferring the funds. On May 5, 2004, the parties to the forfeiture action entered into a so-ordered stipulation of settlement pursuant to which respondent released to Beacon Hill a portion of the funds in issue and Beacon Hill forfeited the remaining funds.

In November 2004, petitioners commenced this special proceeding pursuant to CPLR 1327 against respondent seeking, in effect, a declaration that certain funds that were the subject of the forfeiture action belonged to petitioners, and the return of those funds. Respondent moved to dismiss the proceeding on the ground that it was untimely. Supreme Court agreed, granted the motion and dismissed the proceeding without prejudice to a plenary action against respondent. Petitioners subsequently moved for leave to reargue and renew respondent's motion, and for leave to serve an amended petition. Supreme Court adhered to the prior dismissal, and petitioners' consolidated appeal from both orders ensued.

CPLR 1327 provides, in part, that: "Prior to the application of property or debt to the satisfaction of a judgment, any person . . . who has an interest in the property . . . may commence a special proceeding against the claiming authority to determine the rights of adverse claimants to the property." Thus, under the plain and unambiguous language of the statute, to assert a timely claim under CPLR 1327, the petitioner must commence a special proceeding *before* the subject property is forfeited and applied to satisfy a judgment. That the "application of property" here occurred subject to a stipulation rather than a judgment is of no consequence, since the stipulation, by its terms, terminated the forfeiture proceeding. For the purposes of applying this statute, the stipulation was the equivalent of a judgment (*cf. Prudential Lines v Firemen's Ins. Co. of Newark, N.J.*, 91 AD2d 1, 3 [1982] ["A consent judgment is a conclusive adjudication and has the same force and effect as a judgment after trial"]). Accordingly, petitioners' claim under CPLR 1327, which was interposed approximately six months after the parties to the forfeiture action entered into the stipulation, is untimely.

Petitioners assert that Supreme Court erred in dismissing the petition because the petition stated other viable claims against respondent. The allegations of the "first" and "second" causes of action of the petition, when read together, state a claim under CPLR 1327 to recover funds belonging to petitioner Tupi Cambios; the allegations of the "third" and "fourth" causes of action of the petition, when read together, state a claim under CPLR 1327 to recover funds belonging to petitioner Slemish Corporation. No other claims were asserted or stated in the petition, and petitioners did not argue otherwise before Supreme Court.

However, in seeking leave to file and serve an amended petition, petitioners argued that they have a claim for, among other things, remission under CPLR 1311 (7), which states that: "In addition to any other relief provided under this chapter, at any time within one year after the entry of a judgment of forfeiture, any person, claiming an interest in the property subject to forfeiture who did not receive actual notice of the forfeiture action may petition the judge before whom the forfeiture action was held for a remission or mitigation of the forfeiture and restoration of the property or the proceeds of any sale resulting from the forfeiture, or such part thereof, as may be claimed by him. The court may restore said property upon such terms and conditions as it deems reasonable and just if (i) the petitioner establishes that he or she was without actual knowledge of the forfeiture action or any related proceeding for a provisional remedy and did not know or should not have known that the forfeited property was connected to a crime or fraudulently conveyed and (ii) the court determines that restoration of the property would serve the ends of justice."

While the original petition did not contain an allegation that petitioners did not receive actual notice of the forfeiture action, a material element of a claim for remission, petitioners' proposed amended petition does contain such an allegation. Petitioners should be granted leave to file and serve an amended petition asserting a claim under CPLR 1311 (7). The allegations in the original petition negate any claim of prejudice resulting from petitioners' delay in asserting such claim, which is supported by the proposed amended petition verified by both petitioners (see CPLR 105 [u]), and the proposed claim under CPLR 1311 (7) is not palpably without merit (see *Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 377 [2001]). Moreover, respondent essentially concedes that a claim

under CPLR 1311 (7) would relate back to the filing of the original petition.*

Petitioners' remaining contentions are without merit. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.

---

* Petitioners have commenced two other actions against respondent seeking damages for respondent's seizure of the funds. Those actions are apparently pending before Supreme Court. While claims under CPLR 1311 (7) were asserted in those actions, we are not informed as to the status of those claims. Respondent has not asserted that this special proceeding has been rendered moot, and we decline, based on the record before us, to dismiss this proceeding on that ground.