█ ONE WEST BANK FSB, Respondent, v DENISE MUSUMECI et al., Defendants. PATRICK ZAGARINO, Nonparty Appellant. [11 NYS3d 106]—

In an action to foreclose a mortgage, nonparty Patrick Zagarino appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated April 17, 2013, as denied his motion to compel the plaintiff to reinstate its previous approval of a short sale of the subject real property, for specific performance of the contract of sale, and to preliminarily enjoin the foreclosure sale of the subject real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, OneWest Bank FSB, commenced this action to foreclose a mortgage in the sum of $417,000 made by Denise Musumeci and Joseph Tursi (hereinafter together the defendants) with regard to real property (hereinafter the premises) located in East Moriches. The defendants failed to appear in the action, and a judgment of foreclosure and sale was entered on November 30, 2012.

On August 29, 2012, Musumeci entered into a contract to sell the premises to Patrick Zagarino for the sum of $277,000, contingent on the plaintiff's approval of a short sale. On November 30, 2012, the plaintiff approved the short sale on the condition that closing of title be held on or before December 28, 2012, and that a second mortgage on the premises be satisfied by then. These conditions were not met, and on January 25, 2013, the plaintiff advised the defendants that the short sale approval had been suspended.

Zagarino moved, inter alia, to compel the plaintiff to reinstate the short sale approval, for specific performance of the contract of sale, and to preliminarily enjoin the foreclosure sale of the premises. The Supreme Court denied his motion.

Zagarino failed to demonstrate that the conditions required by the short sale agreement had taken place, and thus, he failed to establish his entitlement to specific performance of the contract of sale (see *Backer v Bouza Falco Co.*, 28 AD3d 503 [2006]; *Johnson v Phelan*, 281 AD2d 394, 395 [2001]). Zagarino also failed to demonstrate a probability of success on the merits, the danger of irreparable harm in the absence of injunctive relief, and a balance of equities in his favor, as required for the issuance of a preliminary injunction (see *Masjid Usman, Inc. v Beech 140, LLC*, 68 AD3d 942 [2009]; *Koursiaris v Astoria N. Dev.*, 143 AD2d 639 [1988]).

Accordingly, the Supreme Court properly denied Zagarino's motion.

In view of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Sgroi, Duffy and Barros, JJ., concur.