HSBC Bank USA, N.A. v Kone (2020 NY Slip Op 07175)





HSBC Bank USA, N.A. v Kone


2020 NY Slip Op 07175


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-11946
 (Index No. 4937/13)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Haroun Kone, et al., defendants, 1514 E 45 Street, Inc., respondent.


Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal and Leah Edmunds of counsel), for appellant.
Avi Rosengarten, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 5, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 1514 E 45 Street, Inc., in effect, for summary judgment with respect to the defendant's first counterclaim, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2006, Haroun Kone executed a note in the amount of $618,400 in favor of First United Mortgage Banking Corp., which was secured by a mortgage on certain real property in Brooklyn. Kone defaulted on the loan by failing to make the monthly installment payment due on August 1, 2007, and all payments thereafter. In October 2012, the loan servicer conditionally approved a short sale of the property to 1514 E 45 Street, Inc. (hereinafter the defendant). According to the defendant, the parties closed on the transaction in November 2012, and the record reflects that the defendant wired the funds required to close the transaction to the loan servicer. However, the loan servicer subsequently returned the wired funds on the ground that it had discovered additional liens on the property, which would prevent it from proceeding with the short sale.
In March 2013, the plaintiff, as the alleged holder of the note, commenced this action to foreclose the mortgage against, among others, Kone and the defendant. The defendant served an answer asserting various affirmative defenses and counterclaims, including a counterclaim seeking a judgment declaring that it was the rightful owner of the premises without any claims, setoffs, challenges, or disputes (first counterclaim). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, in effect, for summary judgment with respect to the defendant's first counterclaim, and for an order of reference. In the order appealed from, the Supreme Court, inter alia, denied those branches of the plaintiff's motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, it failed to eliminate triable issues of fact, inter alia, as to whether the conditions of the short sale of the property were satisfied, and whether the [*2]plaintiff properly rescinded its approval of the short sale after the closing had taken place (see Beneficial Homeowner Serv. Corp. v Chambers, 145 AD3d 750, 751; cf. One W. Bank FSB v Musumeci, 128 AD3d 1034, 1035).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, in effect, for summary judgment with respect to the defendant's first counterclaim, and for an order of reference, without regard to the defendant's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court