STREUBER v. E. E. MEACHAM & SON.

(Supreme Court, Appellate Division, Second Department.   July 31, 1914.)

EASEMENTS (§ 53*)—PERSONAL INJURIES—LIABILITY OF GRANTOR.

Where a corporation owning a tract of marsh land, subject to tidal overflow, along a creek near a highway, laid it out in building lots, which were sold to various persons with an easement of access along a roadway leading to the highway over a raised wooden bridge, from the end plank of which to the roadway there was a drop of several inches, the corporation was not liable for injuries to a person from being thrown from a wagon, when one front wheel of the wagon dropped abruptly from the edge of the bridge to the ground, while he was engaged in hauling building lumber for a person having a contract for two lots; the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duty of keeping such a road and bridge in repair as to the plaintiff being on the person who has the benefit, and not to the owner of the soil, and there being no implied invitation from the owner rendering the latter liable.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 117–119; Dec. Dig. § 53.*]

Appeal from Trial Term, Queens County.

Action by John Streuber against E. E. Meacham & Son. From a judgment of nonsuit, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

George F. Hickey, of New York City (M. P. O'Connor, of Long Island City, on the brief), for appellant.

Phelan Beale, of New York City (Edwin T. Murdoch, of New York City, on the brief), for respondent.

PUTNAM, J. The defendant corporation owned a tract of marsh land, subject to tidal overflow, along Jamaica creek, near Rockaway road, to the south of Jamaica. It had laid this out in building lots, which had been sold to various persons, with an easement of access or passage along a sod roadway leading out to the highway at Rockaway road. This private right of way crossed the creek by a raised wooden bridge, which defendant had built for wagons and other vehicles. Frederick Bohn had signed a contract for two of these lots, but had not taken title. He had engaged a load of building lumber, which on September 6, 1912, plaintiff was driving in over this bridge. In going off the bridge the left front wheel dropped down to the ground abruptly, throwing plaintiff out, breaking a rib, with other injuries, for which this action is brought. The fee of this right of way remained in defendant; the lot owners had only the easement of a right of passage. At the close of plaintiff's case, the court dismissed the complaint, on the ground that no duty or obligation by defendant to plaintiff had been shown.

Obviously a lot owner, having such a right of way, cannot, by inviting a third person thereon, impose upon the grantor any duty beyond that under the original grant. Defendant as the owner of the servient property had no active obligation. The duties on the servient owner are negative—to refrain from interfering with the user granted. The owner of the soil is not bound to repair such a road, as that duty belongs to the party who has the benefit. Williams v. Safford, 7 Barb. (N. Y.) 309, 311; Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800; 2 Washburn on Real Property, page 338, § 31; Gale on Easements, part 4, c. 1; 14 Cyc. p. 1209. And this duty to repair extends to a bridge built by the grantor of such an easement. Oney v. W. Buena Vista Land Co., 104 Va. 580, 52 S. E. 343, 2 L. R. A. (N. S.) 832, 113 Am. St. Rep. 1066.

Nor do the facts show any implied invitation on the part of the defendant toward the plaintiff. Heskell v. Auburn L. H. & P. Co.,

209 N. Y. 86, 102 N. E. 540. While it may have expected that this right of way would be used, defendant had a right to look for such a use and passage along this right of way without any other liability than the law imposes upon the grantor of the easement.

Where such a tract of land is adjacent to tidal creeks and inlets, such an extemporized roadway is necessarily primitive. Between the end bridge plank and the soil of the roadway, there was a drop or step of from five inches to a foot. This was one of the ups and downs of a rough sod road, crossing muddy marsh ground. Such an opening at the bridge ends had not interfered with the free passage of wagons, which had crossed without any previous casualty.

Defendant is not shown to have been guilty of any breach of duty in the condition of the bridge or roadway, or in the circumstances of the accident.

I advise that the judgment of nonsuit be affirmed, with costs. All concur.