■ STEVEN M. ISRAEL et al., Respondents, v WALTER KAYE ASSOCIATES, INC., Appellant.—In an action to recover damages grounded in negligence by an insurance broker, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), entered January 26, 1988, as granted the plaintiffs' motion to strike its affirmative defense of res judicata and denied its cross motion for summary judgment dismissing the complaint as barred by the doctrine of res judicata.

Ordered that the order is reversed insofar as appealed from on the law, with costs, that branch of the motion which was to dismiss the affirmative defense of res judicata is denied, the cross motion is granted and the complaint is dismissed.

In January 1985 the respondent Steven Israel, the sole shareholder of Park Plaza Corp., requested by telephone that his broker obtain fire insurance coverage for certain real property owned by the corporation. He was told that the property would receive immediate coverage in the amount of $200,000 for the dwelling and $50,000 for the personal property contents. However, he was also advised that he would have to sign certain papers at the broker's office before he could obtain the full coverage which he desired of $450,000

and $250,000 respectively. Sometime during their conversation, the matter of whether the premises were occupied or vacant was also discussed.

In the week that followed, the premises and its contents were damaged by two fires. It was claimed that the loss exceeded $1,000,000. When Israel and the corporation attempted to collect under the terms of the policy, the insurance company disclaimed coverage on the grounds that a material misrepresentation as to the occupancy of the premises had been made. In response to the disclaimer, the respondents, *inter alia,* commenced an action against the appellant, claiming that the latter had breached its contract by securing a policy with limits of only $200,000 for the real property and $50,000 for the personal property rather than for $450,000 and $250,000, respectively, as the appellant had allegedly promised to do. Shortly thereafter, the attorney of record for the respondents who had commenced the action on their behalf became ill and was unable to proceed with the case. New counsel, retained several months later, determined that his clients' complaint was completely without merit and did not contest the appellant's motion for summary judgment. Accordingly, by order entered July 18, 1987, the Supreme Court, Nassau County, dismissed the complaint in that action with prejudice.

The respondents then commenced this action claiming that the appellant negligently and erroneously recorded the response he provided as to whether the premises in question were occupied. In its answer, the appellant asserted res judicata and collateral estoppel as a single affirmative defense. The respondents then moved, *inter alia,* for dismissal of that affirmative defense and the appellant cross-moved for summary judgment. The Supreme Court granted the respondents' motion and, in effect, denied the appellant's motion for summary judgment. This was error.

Once a claim is "brought to a final conclusion", all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Smith v Russell Sage Coll.,* 54 NY2d 185, *rearg denied* 55 NY2d 878). Although the respondents' theory of recovery in the present action was founded on negligence and in the former on breach of contract, both actions arose out of the very same transaction and in both actions the respondents sought essentially the same remedy. The present

action, therefore, is barred by the doctrine of res judicata. Mollen, P. J., Kooper, Spatt and Harwood, JJ., concur.