■ ISAAC SILVERMAN, JR., et al., Appellants, v LEUCADIA, INC., Respondent.—In an action to recover damages sounding in fraud and other intentional wrongdoing, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), entered April 15, 1988, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs are the five children of Isaac Silverman (hereafter Silverman) who owned certain properties in New York and Westchester Counties. Silverman was previously involved in numerous actions and proceedings involving this defendant in State and Federal courts. In addition, he has made numerous related applications in State and Federal courts. In these actions and proceedings, Silverman alleged,

*inter alia,* that the defendant fraudulently induced him to file a voluntary bankruptcy petition, misrepresented the amounts it was owed and committed various other frauds in connection with loans and mortgages involving Silverman's properties. These issues were fully, fairly and definitively litigated in these prior actions and proceedings. In fact, Silverman was directed by an order of the Supreme Court, New York County, dated March 20, 1984, to cease and desist from "commencing or prosecuting any action or proceeding alleging the same or similar claims as are alleged in the complaint, without prior permission of the court, on notice to the defendant." In the present action brought by Silverman's five children the complaint contains allegations of fraud and wrongdoing on the part of the defendant with regard to Silverman's properties which are similar to those made in the previous actions and proceedings.

The Supreme Court dismissed the instant action on the ground that it was barred by the doctrines of res judicata and collateral estoppel. We agree.

"[A] valid final judgment bars future actions between the same parties on the 'same cause of action' (see, e.g., 50 CJS, Judgments, § 598)" *(Matter of Reilly v Reid,* 45 NY2d 24, 27), whether the judgment was a primary claim or a counterclaim *(see, El Sawah v Penfield Mechanical Contrs. Corp.,* 119 AD2d 980). Under New York's transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims * * * are barred, even if based upon different [legal] theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see, Boronow v Boronow,* 71 NY2d 284, 288; *Feigen v Advance Capital Mgt. Corp.,* 146 AD2d 556, 558; *Israel v Kaye Assocs.,* 145 AD2d 467, 468). Also, a judgment rendered with respect to a defense bars any counterclaims arising out of the same transaction or series of transactions *(see, Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church,* 68 NY2d 456, 461).

In regard to issue preclusion or collateral estoppel, a party and those in privity with him are precluded from relitigating issues previously resolved against the party where the issue in the prior action is identical and where the party against whom the estoppel is sought has been afforded a full and fair opportunity to contest the decision *(see, Liss v Trans Auto Sys.,* 68 NY2d 15, 22; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Richard L. v Armon,* 144 AD2d 1, 3). Furthermore, a judgment on consent is conclusive and has the same preclusive effect as a judgment after trial *(see, Pruden-*

*tial Lines v Firemen's Ins. Co.,* 91 AD2d 1). A default judgment is similarly conclusive for res judicata purposes *(see, Rizzo v Ippolito,* 137 AD2d 511, 513; *119 Rosset Corp. v Blimpy of N. Y. Corp.,* 65 AD2d 683).

Relating these principles to the facts in this case, the children of Silverman are suing as stockholders of the corporation whose claims have already repeatedly been dismissed on the merits. As such, the plaintiffs, are also collaterally estopped from pursuing the same claims *(see, Millington v Southeastern Elevator Co.,* 22 NY2d 498; *Forte v Kaneka Am. Corp.,* 110 AD2d 81).

The gravamen of the complaint in this action is that Leucadia, by fraud and other wrongdoing, gained control of properties owned by Silverman and his children, in order to derive profit therefrom. The record reveals that Silverman, in his own name, has raised these identical claims over and over again in the past 11 years and they have been uniformly rejected by State and Federal courts. In particular, in the case of the Sealis mortgage, that claim was the subject of a final consent judgment entered into by Silverman and his children.

The plaintiffs' contention that the agreement dated June 30, 1977, signed by Edward Helmke, who was formerly the head of Leucadia's mortgage department, and certain personal guarantees signed by Silverman which were returned to him by Helmke, constitute newly discovered evidence is refuted by the fact that on several occasions in the past decade, Silverman has asserted claims, albeit unsuccessfully, regarding both the June 30, 1977, agreement and the guarantees. Accordingly, the court correctly found that these claims were also barred by the doctrines of res judicata and collateral estoppel. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.