■ FMA/CONSTRUCTION MANAGEMENT CORP. et al., Appellants, v GVUL YAABETZ et al., Respondents, et al., Defendants.

In this action, *inter alia,* for a declaratory judgment, Feldman Misthopoulos Associates, P. C. (hereinafter FMA) contends that the law firm of Sukenik, Segal & Graff, P. C. (hereinafter SSG) has a conflict of interest and is violating Code of Professional Responsibility Canon 5 by representing litigants who have an interest adverse to that of FMA, its previous client, to the detriment of FMA. The plaintiffs re-

quest that SSG be disqualified from representing those litigants. The Supreme Court found that "plaintiffs are barred by the doctrine of collateral estoppel from maintaining this declaratory judgment action". We agree. A question material and relevant to the resolution of the legal issue involved in one action may not be raised again in another action once the party against whom the estoppel is sought has been afforded a full and fair opportunity to contest the decision *(see, Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276; *Richard L. v Armon,* 144 AD2d 1, 3; *Silverman v Leucadia, Inc.,* 156 AD2d 442). In its submissions in opposition to a motion to compel disclosure made in an earlier action involving FMA and Lynbrook Glass, a company in privity with the defendant Gvul Yaabetz, FMA raised the issue of SSG's alleged conflict of interest. When the Supreme Court, Kings County (Rader, J.), granted the motion by order dated April 7, 1987, the question of the disqualification of SSG was answered in the negative. " 'The effect of the judgment is not at all dependent upon the correctness of the verdict or finding upon which it was rendered' * * *. Error, if there was any, must be corrected by direct review" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306). Here, although FMA initiated direct review by appeal of the order dated April 7, 1987, and an order of the same court dated June 9, 1987, which, *inter alia,* denied a motion to limit the disclosure directed by the order dated April 7, 1987, FMA failed to perfect these appeals in the required time and the appeals were dismissed. Accordingly, Supreme Court's conclusion that the instant action is barred by the doctrine of collateral estoppel is correct. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.