■ MICHAEL SLAVIN et al., Appellants, v DAVID FISCHER, Respondent.—In an action for an accounting for the proceeds of a joint venture, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), entered April 3, 1989, which granted the defendant's motion to renew and reargue a prior motion to dismiss the amended complaint which was denied by order of the same court dated August 23, 1988, vacated the order dated August 23, 1988, and, upon renewal and reargument, granted the motion to dismiss the amended complaint.

Ordered that the order is affirmed, with costs.

It is well settled that "a valid final judgment bars future actions between the same parties on the 'same cause of action' (see, e.g., 50 CJS, Judgments § 598)" *(Matter of Reilly v Reid,* 45 NY2d 24, 27). Under New York's transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims * * * are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see, Boronow v Boronow,* 71 NY2d 284, 288; *Silverman v Leucadia, Inc.,* 156 AD2d 442; *Feigen v Advanced Capital Mgt. Corp.,* 146 AD2d 556, 558). The plaintiffs are suing the defendant as property manager of the Canuyot Company, which they sued unsuccessfully in a prior action. The basis for the instant action is the allegation of an oral agreement under which "the joint venturers would have an interest in the property." This was the same basis for the complaint in a prior action, which was held to be barred by the Statute of Frauds (General Obligations Law § 5-703).

We disagree with the plaintiffs' contention that because the property was sold after the dismissal of the prior action, that action is not a bar to the legal remedy of an accounting of the proceeds of the sale. To compel an accounting, whether before or after the sale, the plaintiffs will be required to show that they are entitled to an accounting in the first place by alleging the very same transaction or series of transactions they alleged in the prior action. Thus, the plaintiffs' purported purchases of ownership interests in the property in 1976 and the defendant's alleged breach of his fiduciary duty in regard to that property form part of the same substantive "cause of action" *(see, Boronow v Boronow, supra,* at 290; *Smith v*

*Russell Sage Coll.,* 54 NY2d 185). The difference in the theories alleged or the remedies sought in the two actions do not permit the plaintiffs to relitigate their claims to an ownership interest in the property. Where, as here, the prior action is dismissed on the grounds of the Statute of Frauds, such a dismissal is "[on] the merits for claim preclusion purposes" *(Smith v Russell Sage Coll., supra,* at 194; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.11, at 50-108). "The precise theory on which illegality of the action is predicated may be different, but that does not entitle [the plaintiff] to separate his claims" *(Matter of Reilly v Reid, supra,* at 30-31). A claim or cause of action is " 'coterminous with the transaction regardless of the number of substantive theories or variant forms of relief * * * available to the plaintiff' " *(Smith v Russell Sage Coll., supra,* at 192; *see also, Boronow v Boronow, supra,* at 290; *accord, Gibbs v City of Mount Vernon,* 126 AD2d 605). Therefore, the plaintiffs' argument that the bar of res judicata is avoided by their request for different relief, i.e., an accounting of the proceeds of the joint venture, is unavailing *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.14). Finally, it has been held that under the transactional analysis approach to res judicata, where the dismissal of the complaint in the prior action is made, as here, pursuant to a preanswer motion to dismiss, the dismissal may still be "on the merits" and preclude the plaintiffs "from repleading against the dismissed parties notwithstanding that different theories are being alleged or different remedies are being sought" *(Feigen v Advance Capital Mgt. Corp., supra,* at 558-559). Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.