■ CRK CONTRACTING OF SUFFOLK, INC., Appellant, v JEFFREY M. BROWN & ASSOCIATES, INC., et al., Respondents. [688 NYS2d 249] —In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated April 2, 1998, which, *inter alia*, granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

"The doctrine of res judicata operates to 'preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same "factual grouping" or "transaction" and which should have or could have been resolved in the prior proceeding' " (*Koether v Generalow*, 213 AD2d 379, 380, quoting *Braunstein v Braunstein*, 114 AD2d 46, 53; *see, D.C.I. Danaco Contrs. v Associated Univs.*, 248 AD2d 663; *Coliseum Towers Assocs. v County of Nassau*, 217 AD2d 387, 390). Under the transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357). Here, all of the plaintiff's claims, even though they are based on different theories and purport to seek different remedies, arise from the same transaction, the subcontract between the plaintiff and the general contractor upon which the plaintiff

sought to recover payment in a prior action (*see, CRK Contr. v Hartford Fire Ins. Co.,* 260 AD2d 529 [decided herewith]).

Collateral estoppel, a corollary to the doctrine of res judicata, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500). The two basic requirements of the doctrine are that the party seeking to invoke collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664).

In the prior action the jury found that the plaintiff was not entitled to any additional payment for work performed under the subcontract with the defendant general contractor (*see, CRK Contr. v Hartford Fire Ins. Co., supra*). Inasmuch as the plaintiff had a full and fair opportunity in the trial of the prior action to litigate this issue, this second action is barred.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.