■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v ROBERT TORRE, Appellant. [693 NYS2d 458] —In a proceeding to permanently stay arbitration of an underinsured motorist claim, Robert Torre appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated March 3, 1998, which granted the petition, and (2) an order of the same court, dated August 26, 1998, which denied his motion, denominated as a motion for leave to renew and reargue the petition, but which was in actuality a motion for reargument.

Ordered that the appeal from the order dated August 26, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 3, 1998, is affirmed; and it is further,

Ordered that Allstate Insurance Company is awarded one bill of costs.

We agree with the Supreme Court that the appellant failed to demonstrate that he did not have a full and fair opportunity to litigate the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d) in an earlier arbitration proceeding arising from the same accident. Thus,

he is precluded from relitigating that issue in this proceeding (*see, Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658).

In addition, the appellant failed to offer a valid excuse for not submitting the additional facts upon which the motion denominated as one to renew and reargue was based in opposition to the petition to stay arbitration. Thus, the motion was in actuality one for reargument, the denial of which is not appealable (*see, Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.