■ KLEVER LOZADA et al., Appellants, v GBE CONTRACTING CORP., Respondent. (And Third-Party Actions.) [744 NYS2d 464] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lisa, J.), dated April 30, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground of collateral estoppel, and (2) a judgment of the same court, entered May 21, 2001, which, upon the order, is in favor of the defendant, dismissing the complaint. The notice of appeal from an order dated April 30, 2001, is also deemed to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated April 30, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Klever Lozada (hereinafter Lozada) was injured when he fell from a truck while painting a highway bridge owned by the State of New York. The plaintiffs commenced an action against the State in the Court of Claims and brought this action in the Supreme Court against the general contractor, the defendant, GBE Contracting Corp. After a trial on the issue of liability, the Court of Claims granted the plaintiffs an interlocutory judgment under Labor Law § 240 (1), rejecting the defense that the plaintiff was a recalcitrant worker. On appeal to this Court (*Lozada v State of New York*, 267 AD2d 215), the judgment was reversed, and the claimants' action was dismissed as the record established that the plaintiff was a recalcitrant worker under Labor Law § 240 (1). The defendant then moved in the instant action for summary judgment dismissing the complaint. The Supreme Court granted the motion and dismissed the complaint, holding that our decision in the prior action collaterally estopped the plaintiffs from relitigating the issues which had been previously decided against them. We affirm.

Contrary to the plaintiffs' contentions, the Supreme Court properly dismissed the complaint. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). "The two basic requirements of the doctrine are that the party seeking to invoke collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664)" (*CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530, 531).

In the prior action, we found that appropriate working safety devices were made available to Lozada but he refused to use them (*see Lozada v State of New York, supra*). Necessarily decided in that adjudication was that Lozada's own conduct

was the sole proximate cause of his injuries (see *Allen v Village of Farmingdale,* 282 AD2d 485, 486; *Harrington v State of New York,* 277 AD2d 856, 858). Moreover, the plaintiffs had a full and fair opportunity to litigate this issue. Accordingly, the second action was properly dismissed by the Supreme Court (see *CRK Contr. v Brown & Assoc., supra*). Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.