■ ROBERT E. ROLLER et al., Appellants, v ROBERT G. WALSH, Respondent. [787 NYS2d 529]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered December 11, 2003. The order, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking damages for the alleged legal malpractice and breach of fiduciary duty by defendant in his negotiation and preparation of documents drafted in connection with commercial real estate development projects. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that the issue of the existence of an attorney-client relationship between the parties was previously resolved against plaintiffs in a related action (*Matter of Roller*, 298 AD2d 862 [2002]), and plaintiffs are thus barred from relitigating that issue (*see FMA/Construction Mgt. Corp. v Yaabetz*, 158 AD2d 664, 665 [1990], *appeal dismissed* 77 NY2d 830 [1991]). Defendant met his burden of establishing that the issue in this action is identical to the "issue which was raised, necessarily decided and material in the [related] action, and [that] plaintiff[s] had a full and fair opportunity to litigate the issue in the [related] action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]), and plaintiffs failed to raise a triable issue of fact (*see Elkin v Cassarino*, 248 AD2d 35, 40-41 [1998]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Martoche and Hayes, JJ.