■ TOWN OF NEW WINDSOR, Appellant, v NEW WINDSOR VOLUNTEER AMBULANCE CORPS, INC., Respondent. [791 NYS2d 159]—

In an action for an accounting, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Owen, J.), dated May 24, 2004, which granted the defendant's motion to dismiss the complaint, as barred by the doctrine of res judicata, and (2) a judgment of the same court entered July 6, 2004, which, upon the order, dismissed the complaint. The notice of appeal from the order is deemed to also be a notice of appeal from the judgment (*see* CPLR 5520 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant commenced an action in the United States District Court for the Southern District of New York, inter alia, to enjoin the plaintiff from denying the defendant access and use of certain property that the plaintiff seized from the defendant (hereinafter the federal action). Thereafter, the plaintiff commenced this action for an accounting of the defendant's books and records. During the pendency of this action, the District Court ruled in the federal action, among other things, that the parties had a contractual rather than a fiduciary relationship. Further, the District Court concluded in the federal action, inter alia, that the defendant was entitled to recover the property at issue, as well as a certain sum of money for services rendered pursuant to contract.

The right to an accounting rests on the existence of a trust or fiduciary relationship regarding the subject matter of the controversy at issue (*see El-Khoury v Karasik*, 265 AD2d 372, 373-374 [1999]; *Chalasani v State Bank of India, N.Y. Branch*, 235 AD2d 449, 450 [1997]).

The doctrine of res judicata operates "to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction, and which should have been

resolved in the prior proceeding" (*Braunstein v Braunstein,* 114 AD2d 46, 53 [1985]; *see CRK Contr. of Suffolk v Brown & Assoc.,* 260 AD2d 530 [1999]; *Incorporated Vil. of Laurel Hollow v Nichols,* 260 AD2d 439, 440 [1999]). Under the transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]; *see CRK Contr. of Suffolk v Brown & Assoc., supra* at 530).

While the federal action and the action herein asserted different theories of recovery, both actions arose out of the same series of facts and transactions. The very same issues that the plaintiff raised in this action were addressed and decided against the plaintiff in the federal action, and arose out of the same factual background. Therefore, the Supreme Court properly dismissed this action as barred by the doctrine of res judicata.

The plaintiff's remaining contention is without merit. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.