■ RUBIN STERNGASS, Appellant, v HARRY SOFFER et al., Respondents. [810 NYS2d 362]—

In an action, inter alia, for specific performance of a settlement agreement, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 20, 2004, which granted the defendants' motion to dismiss the complaint on the ground that the action is barred by the doctrine of res judicata.

Ordered that the order is affirmed, with costs.

Under the doctrine of res judicata, a disposition on the merits

bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (*see Matter of Hunter,* 4 NY3d 260, 269 [2005]; *Barbieri v Bridge Funding,* 5 AD3d 414, 415 [2004]). Here, the Supreme Court correctly dismissed the complaint on the ground of res judicata, as the plaintiff's claims were raised or could have been raised in the prior action which was disposed of on the merits (*see Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.,* 16 AD3d 403, 404-405 [2005]; *Citizens Bank of Appleton City, Mo. v C.L.R. Brooklyn Realty Corp.,* 5 AD3d 528 [2004]; *CRK Contr. of Suffolk v Brown & Assoc.,* 260 AD2d 530, 530-531 [1999]). The defendants demonstrated that there was a full and fair opportunity to litigate the issue of whether they breached an alleged settlement agreement in the prior action (*see Matter of Allstate Ins. Co. v Torre,* 264 AD2d 477 [1999]; *Matter of American Honda Motor Co. v Dennis,* 259 AD2d 613 [1999]; *Luppo v Waldbaum, Inc.,* 131 AD2d 443, 445 [1987], citing *Ryan v New York Tel. Co.,* 62 NY2d 494, 501 [1984]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.