■ CYPRESS HILLS CEMETERY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [826 NYS2d 736]—

In an action pursuant to article 15 of the Real Property Action and Proceedings Law, inter alia, to determine claims to certain real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Satterfield, J.), dated June 17, 2005, which granted the motion of the defendants City of New York and Iris Weinshal, Commissioner of Department of Transportation of the City of New York, for summary judgment dismissing the complaint insofar as asserted against them, denied its motion for summary judgment against those defendants, and declared that it had no easement in the subject bridges or in the subject underpass and that those defendants are under no obligation to repair or replace the bridges.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on so much of its first cause of action as alleged an easement in the subject bridges and subject underpass, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof granting that branch of the motion of the defendants City of New York and Iris Weinshal, Commissioner of Department of Transportation of the City of New York, which was for summary judgment dismissing so much of the plaintiff's first cause of action as alleged an easement in the bridges and underpass insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and it is declared that the plaintiff has an easement to cross the Jackie Robinson Parkway at the location of the subject bridges and subject underpass; as so modified, the order and judgment is affirmed, without costs or disbursements.

"[A]n easement is a 'right of passage, and not any right in a physical passageway itself, that is granted to the easement holder' " (*Marek v Woodcock*, 277 AD2d 864, 865 [2000], quoting *Lewis v Young*, 92 NY2d 443, 449 [1998]). On its motion for summary judgment, the plaintiff established, prima facie, entitlement to judgment as a matter of law declaring that it had an easement to cross the Jackie Robinson Parkway at the location of the subject bridges and subject underpass. The easement was implied by existing use upon severance of the land on which the subject bridges and subject underpass were built (*see West End Props. Assn. of Camp Mineola, Inc. v Anderson*, 32 AD3d 928 [2006]; *cf. Abbott v Herring*, 97 AD2d 870 [1983], *affd* 62

NY2d 1028 [1984]). In response, the defendants City of New York and Iris Weinshal, Commissioner of Department of Transportation of City of New York (hereinafter the municipal defendants) failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court erred in determining otherwise and in declaring that the plaintiff does not hold such an easement.

However, absent agreement to the contrary, the burden to maintain an easement falls upon the owner of the dominant estate (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *Greenfarb v R. S. K. Realty Corp.*, 256 NY 130, 134-135 [1931]; *Brill v Brill*, 108 NY 511 [1888]; *Raksin v Crown-Kingston Realty Assoc.*, 254 AD2d 472, 473 [1998]; *Elzer v Nassau County*, 111 AD2d 212, 213 [1985]; *Streuber v Meacham & Son*, 163 App Div 574, 575 [1914]). On their motion for summary judgment, the municipal defendants established that there was no agreement to the contrary, and in response the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra*).

The enabling statute for the condemnation of land to build the Interboro Parkway (now known as the Jackie Robinson Parkway) authorized affected cemeteries to build bridges over the Parkway. It did not require the City to construct such bridges, or to maintain them, but expressly put the burden of construction upon the cemeteries (L 1924, ch 565). That the City constructed the bridges in the first instance does not change this allocation of the burden, nor imply an agreement by the City to continually repair or replace the bridges (*see Streuber v Meacham & Son, supra* at 575; *Wood v Simon*, 43 Misc 2d 500, 504 [1964]).

The plaintiff's remaining contention is without merit. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.