■ In the Matter of CITY OF NEW YORK, Respondent, v ADELE SCHMITT, Respondent, and JOHN SCHMITT et al., Doing Business as CHANNEL MARINE SUZSUCKI and SCHMITT's MARINA, et al., Appellants. [857 NYS2d 190]—

In a summary dispossess proceeding and a related holdover proceeding, John Schmitt and Adam Schmitt, doing business as Channel Marine Suzsucki and Schmitt's Marina, Adam Schmitt, doing business as Adams Fishing Station, and Channel Marine Sales, Inc., appeal, by permission, as limited by their brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts dated May 1, 2006, as (1) reversed so much of an order of the Civil Court, Queens County (Gottlieb, J.), dated September 24, 2004, as denied those branches of the petitioner's cross motion in proceeding No. 1 which were for summary judgment on its causes of action for possession of the real property and to recover use and occupancy and thereupon granted those branches of the cross motion, and (2) reversed so much of an order of the same court also dated September 24, 2004, as denied those branches of the petitioner's cross motion in proceeding No. 2 which were for summary judgment on its causes of action for possession of the real property and to recover use and occupancy and thereupon granted those branches of the cross motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' respective rights to the subject properties were fully litigated and finally determined in a previous action (*see United States v Schmitt*, 999 F Supp 317 [1998], *affd* 28 Fed Appx 63 [2002]). Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]; *Sterngass v Soffer*, 27 AD3d 549 [2006]; *Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.*, 16 AD3d 403, 404-405 [2005]). The rule applies not only to claims litigated but also to claims that could have been raised in the prior litigation (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Hyman v Hillelson*, 55 NY2d 624 [1981]; *Solow v Liebman*, 253 AD2d 808, 809 [1998]).

Accordingly, the Appellate Term correctly determined that, consistent with the holding in *United States v Schmitt* (999 F Supp 317 [1998], *affd* 28 Fed Appx 63 [2002]), the petitioner City of New York established its entitlement to judgment as a matter of law awarding it possession of the subject properties and the appellants' assertion of defenses, which were previously litigated or could have been litigated in the prior action, was insufficient to raise a triable issue of fact. Mastro, J.P., Santucci, Dickerson and Belen, JJ., concur.