■ JOSEPH P. SHELLEY, JR., et al., Appellants, v SHERYN SILVESTRE et al., Respondents. [887 NYS2d 662]—

In an action to recover damages for breach of fiduciary duty and for an accounting, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.H.O.), entered September 16, 2008, which, upon a decision of the same court dated August 22, 2008, made after a nonjury trial, is in favor of the defendants and against them dismissing the complaint as barred by the doctrine of res judicata.

Ordered that the judgment is affirmed, with costs.

The gravamen of the plaintiffs' complaint is that the defendants engaged in improper behavior that caused the parties' partnership to lose rental income. The plaintiffs seek, inter alia, payment of the alleged lost income.

"Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof. The rule applies not only to claims litigated but also to claims that could have been raised in the prior litigation" (*Matter of City of New York v Schmitt,* 50 AD3d 1032, 1033 [2008] [citations omitted]; *see Matter of Reilly v Reid,* 45 NY2d 24, 30 [1978]). The claims raised in the instant complaint were raised or could have been raised during a prior action between the same parties, which was disposed of on the merits. Accordingly, the plaintiffs' complaint was properly dismissed as barred by the doctrine of res judicata (*see Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.,* 16 AD3d 403, 404-405 [2005]; *Slavin v Fischer,* 160 AD2d 934, 934-935 [1990]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination. Additionally, we decline the defendants' request for the imposition of a sanction. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.