▪ CYPRESS HILLS CEMETERY, Appellant, v CITY OF NEW YORK et al., Respondents. [889 NYS2d 249]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, and for a judgment declaring, in effect, that the plaintiff has the right to use its easement by implication to cross the Jackie Robinson Parkway at grade level, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated May 19, 2008, as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint as barred by the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff does not have the right to use its easement by implication to cross the Jackie Robinson Parkway at grade level (*see* RPAPL 1521 [1]).

This is the second action commenced by the plaintiff arising out of the condemnation of a portion of its land by the City of New York for construction of the Interboro Parkway (now known as the Jackie Robinson Parkway) (*see Cypress Hills Cemetery v City of New York,* 35 AD3d 788 [2006]). In the previous action, the plaintiff sought, inter alia, a judgment declaring that it had an easement to cross the Parkway at the location of two bridges which connected the bisected parcels of its land, and enjoining the impending demolition of those bridges by the

City or, in the alternative, directing the City to replace the bridges. That action terminated with a determination on the merits that the plaintiff does have such an easement, but that the burden to repair or replace the means of using the easement fell on the plaintiff as the owner of the dominant estate (*see Cypress Hills Cemetery v City of New York,* 35 AD3d 788 [2006]). After the City demolished the bridges, the plaintiff commenced this action, seeking to enforce newly-asserted purported rights to utilize its easement by crossing the Parkway at grade level and to erect entryways for direct access to traffic on the Parkway. The Supreme Court granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint as barred by the doctrine of res judicata.

The Supreme Court properly determined that the amended complaint should be dismissed as barred by the doctrine of res judicata (*see Dean R. Pelton Co. v Moundsville Shopping Plaza,* 173 AD2d 201 [1991]). Res judicata bars relitigation of claims "where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (*Matter of Hunter,* 4 NY3d 260, 269 [2005]). " '[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Xiao Yang Chen v Fischer,* 6 NY3d 94, 100 [2005], quoting *O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]). Res judicata precludes relitigation of all claims which were raised, or could have been raised, in the prior action (*see Xiao Yang Chen v Fischer,* 6 NY3d 94, 100 [2005]).

The claims raised by the plaintiff in this action arise out of the same transaction as those raised in the prior action, and could have been raised in the prior action. The plaintiff has not pleaded any interference with its easement subsequent to and independent from the demolition of the bridges contemplated by the parties in the previous action, such as a refusal by the respondents to permit the plaintiff to replace the bridges at its own expense. Accordingly, the doctrine of res judicata bars this action, despite the plaintiff's assertion of different theories and request for a different remedy (*see Xiao Yang Chen v Fischer,* 6 NY3d at 100; *O'Brien v City of Syracuse,* 54 NY2d at 357).

In light of this determination, the parties' remaining contentions have been rendered academic. Rivera, J.P., Fisher, Belen and Austin, JJ., concur. [*See* 19 Misc 3d 1134(A), 2008 NY Slip Op 51004(U).]