GEORGE R. OSBORNE et al., Appellants, v ROSSROCK FUND II, L.P., Respondent. [917 NYS2d 898]—

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either

was raised or could have been raised in the prior proceeding" (*Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 AD3d 821, 821 [2006]; *see Matter of Hunter*, 4 NY3d 260, 269 [2005]). Here, the claims of the plaintiff George R. Osborne (hereinafter the appellant) arise out of the same transaction as those raised in a prior foreclosure action, and could have been raised in that prior action. Since the defendant mortgagee was awarded summary judgment on the complaint and dismissing, inter alia, the appellant mortgagor's counterclaim in the foreclosure action (*see Rossrock Fund II, L.P. v Osborne*, 82 AD3d 737 [2011] [decided herewith]), the doctrine of res judicata bars this action (*see Cypress Hills Cemetery v City of New York*, 67 AD3d 853, 854 [2009]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (5).

In light of our determination, we need not address the appellant's remaining contentions. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.