■ LARRY R. UFFER et al., Appellants, v TRAVELERS COMPANIES, INC., Respondents. [930 NYS2d 473]—

In the instant action, the plaintiffs seek to recover third-party benefits under a policy of insurance issued by the defendant insurer. The plaintiffs contend on this appeal that the Supreme Court erred in holding that the defendant was entitled to the dismissal of the complaint on the ground of res judicata. We reject the plaintiffs' contention.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter. The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (*Matter of Hunter*, 4 NY3d 260, 269 [2005] [citations omitted]; *see Osborne v Rossrock Fund II, L.P.*, 82 AD3d 727, 727-728 [2011]; *Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 AD3d 821, 821 [2006]). Under New York's transactional approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Hunter*, 4 NY3d at 269).

The plaintiffs' only argument in support of their contention that the doctrine of res judicata is inapplicable to the instant action is that their claim in an earlier action that they commenced against the defendant insurer was dismissed because of a pleading defect, rather than on the merits. In the earlier action, however, the Supreme Court did not dismiss the complaint because of a pleading defect, but instead granted the defendant's motion for summary judgment dismissing the complaint upon its determination that the plaintiffs were not entitled to first-party benefits under the insurance policy issued by the defendant. Since the plaintiffs could have raised their claim for third-party benefits in the context of the earlier action, the claim for third-party benefits arises out of the same transaction as that addressed in the earlier action, and the award of summary judgment was a determination on the merits (*see Callaghan v Curtis*, 82 AD3d 816, 817 [2011]; *Methal v City of New York*, 50 AD3d 654, 656 [2008]; *cf. Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13-14 [2008]; *175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590 n 1 [1980]; *Pitcock v Kasowitz, Benson, Torres & Friedman, LLP*, 80 AD3d 453, 454 [2011]), the plaintiffs' argument affords no basis for reversal. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.