■ RICHARD T. VITARELLE, SR., Appellant, v RICHARD VITARELLE, JR., as Executor of EILEEN A. VITARELLE, Deceased, et al., Respondents. [932 NYS2d 712]—

"Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof. The rule applies not only to claims litigated but also to claims that could have been raised in the prior litigation" (*Matter of City of New York v Schmitt*, 50 AD3d 1032, 1033 [2008] [citations omitted]; *see Osborne v Rossrock Fund II, L.P.*, 82 AD3d 727, 727-728 [2011]; *Shelley v Silvestre*, 66 AD3d 992, 993 [2009]).

In a prior action, the plaintiff consented to the entry of a judgment in favor of the defendant Richard Vitarelle, Jr., and against him on his counterclaim for possession of the subject property (*see Vitarelle v Vitarelle*, 65 AD3d 1035 [2009]). "[A] judgment on consent is conclusive and has the same preclusive effect as a judgment after trial" (*Silverman v Leucadia, Inc.*, 156 AD2d 442, 443 [1989]; *see Prudential Lines v Firemen's Ins. Co. of Newark, N.J.*, 91 AD2d 1, 3 [1982]). The claims asserted in the instant complaint were raised or could have been raised in the prior action, which was disposed of on the merits. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action is barred by the doctrine of res judicata (*see Cypress Hills Cemetery v City of New York*, 67 AD3d 853, 854 [2009]; *Shelley v Silvestre*, 66 AD3d at 993). Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.