Infinity Chiropractic Health, P.C., as Assignee of Lucky Johnson, Demetrius McClammy and Lawrence Jones, Respondent, 
against
Republic Western Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 4, 2013. The order, insofar as appealed from, denied the branches of defendant's motion seeking summary judgment dismissing the fifth through eighth causes of action.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking summary judgment dismissing the fifth through eighth causes of action are granted.
Plaintiff commenced this action to recover assigned first-party no-fault benefits arising from a motor vehicle accident which occurred on July 16, 2010. Shortly before plaintiff brought this action, defendant had commenced a declaratory judgment action in the Supreme Court, New York County, naming, among others, various medical providers, including plaintiff herein, and the three assignors herein, and seeking a declaration that defendant owed no duty to pay first-party no-fault claims with respect to the July 16, 2010 accident. By order entered December 20, 2011, the Supreme Court granted, on default, defendant's motion for the entry of a default declaratory judgment against, insofar as is relevant, Infinity Chiropractic Health, P.C., Lucky Johnson and Demetrius McClammy, but not as against Lawrence Jones, individually.
Defendant subsequently moved in the Civil Court for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by the doctrines of res judicata and collateral estoppel by virtue of the Supreme Court order in the declaratory judgment action. By order entered October 4, 2013, the Civil Court granted the branches of defendant's motion seeking dismissal of the first through fourth causes of action, which pertained to assignors Demetrius McClammy and Lucky Johnson. However, insofar as is relevant to this appeal, the Civil Court denied the branches of defendant's unopposed motion seeking summary judgment dismissing the fifth through eighth causes of action, which causes of action related to services that plaintiff had rendered to assignor Lawrence Jones, on the ground that the order in the declaratory judgment action had not been granted as against Lawrence Jones, individually. Defendant appeals from so much of the order as denied the branches of its motion seeking summary judgment dismissing the fifth through eighth causes of action.
The doctrine of res judicata is designed to put an end to a matter once it is duly decided (see Siegel, NY Prac § 442, at 772 [5th ed]). Res judicata, or claim preclusion, is invoked when a party seeks to relitigate a disposition on the merits of claims or causes of action arising out of the same transaction which was raised or could have been raised in the prior litigation (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Neiberg Realty Corp., 250 NY 304, 306-207 [1929]). Furthermore, the doctrine of res judicata is applicable to an order or judgment taken by default which has not been vacated (see Matter of Hunter, 4 NY3d at 269; Barbieri v Bridge Funding, 5 AD3d 414, 415 [2004]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Plaintiff was named and served in the declaratory judgment and ultimately defaulted therein. As plaintiff's right to recover as an assignee of Lawrence Jones was fully litigated in the Supreme Court action, notwithstanding defendant's admitted failure to serve Lawrence Jones individually in that action, and notwithstanding that the declaratory judgment made no determination as against Lawrence Jones, individually, the order in the declaratory judgment action was a conclusive final determination barring plaintiff from recovering for any services it rendered to Lawrence Jones arising from the July 16, 2010 accident. Consequently, plaintiff's claims underlying the fifth through eighth causes of action are barred (see Uffer v Travelers Cos., Inc., 88 AD3d 690, 691 [2011]; EBM Med. Health Care, P.C., 38 Misc 3d at 3).
Accordingly, the order, insofar as appealed from, is reversed and the branches of defendant's motion seeking summary judgment dismissing the fifth through eighth causes of action are granted.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: October 21, 2016