Mazzurco v Astoria Fed. Sav. & Loan Assn. (2018 NY Slip Op 00549)





Mazzurco v Astoria Fed. Sav. & Loan Assn.


2018 NY Slip Op 00549


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-00354
 (Index No. 22257/13)

[*1]Vincent Mazzurco, appellant, 
v
Astoria Federal Savings and Loan Association, et al., respondents, et al., defendants.


Harris J. Zakarin, P.C., Melville, NY, for appellant.
O'Reilly, Marsh & Cortiselli, P.C., Mineola, NY (Michael C. Liebler of counsel), for respondent Astoria Federal Savings and Loan Association.
Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Robert W. Frommer of counsel), for respondent Susan Yeh.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the plaintiff appeals, as limited by his brief, from so much of order of the Supreme Court, Queens County (McDonald, J.), dated October 23, 2014, as granted those branches of the motion of the defendants PII SAM, LLC, Thomas J. Perkins, Brian Goldberg, and Lawrence Klein, the separate motion of the defendant Astoria Federal Savings and Loan Association, and the cross motion of the defendant Susan Yeh which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them on the grounds of res judicata and collateral estoppel, and denied his cross motions to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents Astoria Federal Savings and Loan Association and Susan Yeh.
In 1998, the defendant Astoria Federal Savings and Loan Association (hereinafter Astoria) loaned the plaintiff, Vincent Mazzurco, the principal sum of $310,000, evidenced by a note and secured by a mortgage encumbering real property in Queens. In 2007, Astoria commenced an action to foreclose the mortgage. In 2008, Astoria assigned the note and mortgage to the defendant PII SAM, LLC (hereinafter PII SAM), and PII SAM was substituted as the plaintiff in the foreclosure action. In 2009, PII SAM and Mazzurco entered into a stipulation of forbearance, pursuant to which Mazzurco agreed to make certain payments, and PII SAM agreed to forebear from prosecuting the foreclosure action and to give Mazzurco a conditional discount on the remaining amount due under the note. Mazzurco allegedly defaulted on his payments due pursuant to the stipulation of forbearance, and PII SAM resumed prosecution of the foreclosure action. It eventually secured a judgment of foreclosure and sale, and the property was sold at auction. Mazzurco made a number of motions to vacate the judgment of foreclosure and to set aside the sale, none of which was successful.
In 2013, Mazzurco commenced this action, inter alia, to recover damages for fraud and unjust enrichment. He named as defendants, among others, Astoria, PII SAM and several of its employees (hereinafter collectively the PII SAM defendants), and Susan Yeh, who purchased the property at the foreclosure sale. Astoria and the PII SAM defendants separately moved, and Yeh [*2]cross moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them on the grounds of res judicata and collateral estoppel. Mazzurco opposed the motions and Yeh's cross motion, and made two cross motions for leave to amend the complaint. The Supreme Court granted those branches of the motions of Astoria and the PII SAM defendants and Yeh's cross motion, and denied Mazzurco's cross motions. Mazzurco appeals.
" Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof. The rule applies not only to claims litigated but also to claims that could have been raised in the prior litigation'" (Shelley v Silvestre, 66 AD3d 992, 993, quoting Matter of City of New York v Schmitt, 50 AD3d 1032, 1033; see Matter of Reilly v Reid, 45 NY2d 24, 30). Here, Mazzurco's claims arise out of the same transaction and facts as those raised, or which could have been raised, during the prior foreclosure action brought against Mazzurco by Astoria and PII SAM, which was disposed of on the merits (see Osborne v Rossrock Fund II, L.P., 82 AD3d 727). Moreover, Mazzurco's claims against the defendants in the present action who were not parties to the foreclosure action are barred by the doctrine of collateral estoppel (see Luscher v Arrua, 21 AD3d 1005). Accordingly, the Supreme Court properly granted those branches of the motions of Astoria and the PII SAM defendants and the cross motion of Yeh which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them, and denied Mazzurco's cross motions for leave to amend the complaint (see Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc., 16 AD3d 403, 404-405; Slavin v Fischer, 160 AD2d 934, 934-935).
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court